| BELLSOUTH | ) | |
|---|---|---|
| TELECOMMUNICATIONS, INC., | ) | |
| | ) | |
| Petitioner/Appellant, | ) | Appeal No. |
| | ) | 01-A-01-9509-BC-00400 |
| VS. | ) | |
| | ) | Public Service Commission |
| KEITH BISSELL, STEVE HEWLETT, | ) | No. 95-01050 |
| SARA KYLE, Constituting the | ) | |
| Tennessee Public Service Commission, | ) | |
| | ) | |
| Respondents/Appellees. | ) | |

**FILED**

October 2, 1996

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE TENNESSEE PUBLIC SERVICE COMMISSION
AT NASHVILLE, TENNESSEE

FOR APPELLANT:

Bennett L. Ross
Nashville, Tennessee


FOR INTERVENOR
AT&T COMMUNICATIONS, INC:

Val Sanford
John Know Walkup
Nashville, Tennessee

FOR APPELLEES:

Dianne F. Neal
Public Service Commission
Nashville, Tennessee

FOR TENNESSEE CONSUMERS:
   Charles W. Burson
Attorney General & Reporter

Michael E. Moore
Solicitor General

L. Vincent Williams
Consumer Advocate Division
Nashville, Tennessee

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The Tennessee Public Service Commission ordered the completion of a previously authorized investigation of the future earnings of BellSouth Telecommunications, despite legislative developments that stripped the Commission of its authority to use such an investigation to set telephone rates. BellSouth filed a petition with this court for review of the PSC's order, arguing that completion of the investigation was inconsistent with the legislative purpose. We reverse the Commission's order and remand the case for further consideration by the Tennessee Regulatory Commission.

## I.

Prompted by a petition filed by the State Consumer Advocate, the Public Service Commission voted on March 28, 1995 to conduct an investigation of the intrastate earnings of South Central Bell (now BellSouth Telecommunications) for a one-year future test period. Under the statute in effect at that time, such an investigation of future earnings was a required preliminary step in the performance of the P.S.C.'s function of establishing "just and reasonable rates" for telephone service.

On May 25, 1995, the Legislature enacted the Teleommunications Reform Act, now codified at Tenn. Code Ann. § 65-5-201 et seq. The new act was expressly designed to encourage competition in the telecommunications services market, and it created an alternative to the traditional method of establishing consumer telephone rates by future rate-of-return analysis.

Under the new procedure, a telephone company could apply for price regulation, and the P.S.C. was required to implement a price regulation plan within 90

days, based on an audit of the rate of return earned by the utility within the most recent reporting period. See Tenn. Code Ann. § 65-5-209(c) and (j). Thus the statute permitted expedited decision-making based on retrospective rather than prospective financial data.

BellSouth applied on June 20, 1995 for price regulation under the new statute. Nonetheless, on July 14, 1995 the Commission voted to complete the earnings investigation, reserving the issue of "whether any use could be made of the results of this investigation under the price regulation scheme set out in the Telecommunications Act . . . ." BellSouth filed a petition under Rule 12, Tenn.R.App.P. to appeal that order. The PSC and intervenor AT&T filed a joint motion to dismiss the petition, on the ground that the order of investigation was not a final order subject to appellate review.

On October 25, 1995, this court dismissed the joint motion on the ground that "interlocutory administrative orders are reviewable where the agency has plainly exceeded its statutory authority or threatens irreparable injury in clear violation of an individual's rights." This court also stayed all proceedings in the Commission related to the earnings investigation, and directed that the appeal proceed.

On July 1, 1996, the PSC was replaced by a new, appointed agency called the Tennessee Regulatory Authority. *See* Tenn. Code Ann. § 65-1-201. On June 11, 1996, this court heard oral arguments on BellSouth's petition for review. Neither in the briefs nor in oral argument did the PSC articulate a reason why the investigation should continue. The parties all acknowledge that the information gained through the investigation would be irrelevant to BellSouth's rates. The PSC argues only that the investigation <u>might</u> serve some purpose.

We think the PSC's decision to continue the investigation is simply arbitrary, a decision "that is not based on any course of reasoning or exercise of judgment."  *See Jackson Mobilphone v. Tennessee PSC*, 876 S.W.2d 106 at 111 (Tenn. App. 1993).  An agency's arbitrary decision  -- even a preliminary, procedural, or intermediate one -- may be reversed by the reviewing court.  Tenn. Code Ann. § 4-5-322(a)(1), (h)(4).

We are aware that in adopting regulatory reform the legislature was careful to say that nothing in the act would "affect the authority and duty of the Commission to complete any investigation pending at the time" the act became effective.  *See* Acts 1995, ch. 408.  But we do not think the legislature intended to authorize the PSC to continue an investigation that no longer had any purpose.

We, therefore, reverse the PSC's order continuing the earnings investigation and remand the cause to the Tennessee Regulatory Authority for further proceedings consistent with this opinion.  Tax the costs on appeal to the PSC.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE